UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-10-559-1 |
| v. | § | |
| | § | |
| LUIS CARLOS ALVAREZ, | § | |
| | § | |
| Defendant/Movant. | § | |

### ORDER DENYING WITHOUT PREJUDICE LETTER MOTION FOR DOCUMENTS, REQUEST TO PROCEED *IN FORMA PAUPERIS*, AND MOTION TO REDUCE SENTENCE

Pending before the Court is Luis Carlos Alvarez' letter motion requesting copies of documents (D.E. 23), motion to proceed *in forma pauperis* (D.E. 25), and letter motion to reduce sentence (D.E. 24). The motions are DENIED without prejudice for the reasons stated below.

Alvarez was sentenced on September 22, 2010, to serve 46 months imprisonment with three years supervised release after he pled guilty to possession with intent to distribute approximately 2.186 kilograms of cocaine. (D.E. 20.) Final Judgment was signed the same day and entered on the docket sheet on September 30, 2010.

Alvarez' letter request for documents filed January 14, 2011, seeks copies of the indictment, PSI, transcripts, his attorney's name and address, probation officer's name and address, discovery, and "everything concerning my case." During the proceedings below, Alvarez was furnished counsel as an indigent defendant and has remained in custody from his arrest through his conviction. (D.E. 4, 6.) An indigent defendant does not have a right to documents at government expense unless the transcripts are necessary to decide a pending action and the pending action is not frivolous. See 28 U.S.C. § 753(f) (in order to be entitled to

1

transcripts, an indigent defendant must establish that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous); see also United States v. Herrera, 474 F.2d 1049, 1049–50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). At the time Alvarez made his request he had nothing pending before this Court. Because of the resolution of his motion to reduce sentence which was filed February 7, 2011, he still has no pending action before the Court. His request for the documents is **DENIED** without prejudice. For the same reasons, his motion to proceed *in forma pauperis* is also **DENIED** without prejudice.

Alvarez' motion to reduce or modify his sentence claims that his counsel at sentencing was ineffective and that he was coerced into entering a guilty plea. The proper vehicle for a challenge to the constitutionality of his sentence, or to bring a claim of ineffective assistance of counsel, is a motion pursuant to 28 U.S.C. § 2255. Alvarez' motion does not cite to § 2255, nor is it styled as a motion to correct, vacate or reduce his sentence. Cognizant of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), and in the absence of any indication that Alvarez intended to file a § 2255 motion, the Court declines to construe his motion as a § 2255 motion. Cf. Id. at 383 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

Construed as a general motion for a reduction in sentence, Alvarez' motion is **DENIED**. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d

1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Alvarez fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter his sentence and his motion is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 9th day of February, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE